IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WALTER LEE COLE,

      Plaintiff,                      Civ. No. S-09-0364 KJM P

  vs.

D.K. SISTO, et al.

      Defendants.            <u>ORDER</u>

                           /

          Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

          Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee of $1.08 in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for

1

monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In reviewing a complaint, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)), and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In order to survive dismissal for failure to state a claim,

Case 2:09-cv-00364-KJM   Document 5   Filed 07/24/09   Page 3 of 7

however, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. 544, 127 S.Ct. at 1964. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, ___ U.S. ___. 129 S. Ct. 1937, 1949-50 (2009). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

Plaintiff alleges that prison officials denied him access to his typewriter and to other legal tools at a time when he was representing himself on criminal charges in Solano County Superior Court. Because he was not able to type motions and other papers as required by Solano County Court rules, "the [result] of plaintiff's (trial conviction of 29 years to life) may not have possibly [occurred]." (reproduced as in original). Compl. at 5.

In Heck v. Humphrey, the United States Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. 477, 486-87 (1994). In Heck, the plaintiff did not allege he was denied access to the courts but rather claimed that state prosecutors and police had destroyed evidence. Id. at 478-79.

3

In contrast, plaintiff's claims in this case do not directly implicate his conviction; instead, he argues that his First Amendment right of access to the court and his Sixth Amendment right to a fair trial were abridged when he was unable to prepare motions for the appointment of an investigator and an expert witness, among other things. Compl. at 5-6.

An inmate has a constitutionally protected right of meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 820-21 (1977). This right encompasses more than access to an adequate law library: it includes access to "paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them," id. at 824-25; see also Gluth v. Kangas, 951 F.2d 1504, 1510 (9th Cir. 1991). To prevail, however, it is not enough for an inmate to show some sort of denial: he must also show "actual injury" from the denial or delay of services. The Supreme Court has described the actual injury requirement:

> [T]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Lewis v. Casey, 518 U.S. 343, 351 (1996).

In Valdez v. Rosenbaum, 302 F.3d 1039 (9th Cir. 2002), the plaintiff alleged that while he was a federal pretrial detainee held by arrangement in a state facility, jail officials and the Assistant United States Attorney prosecuting him restricted his access to the telephone for several weeks to prevent him from warning his confederates in a drug conspiracy that an indictment had been filed against them. During this restriction, plaintiff was allowed to have a daily telephone call with his lawyer, but had to submit a written request to do so. Id. at 1042. After his conviction, he filed a civil rights action, alleging "the requirement that he obtain permission to telephone his attorney made it practically impossible to have a telephone

4

conversation with his attorney," and claiming a Sixth Amendment violation. Id. at 1049. The Ninth Circuit refused to consider the claim, finding it Heck-barred because it would necessarily imply the invalidity of his later conviction. Id.

Two other cases, both from the Seventh Circuit, also have discussed the interplay between Heck and access to the court. In Nance v. Vieregge, 147 F.3d 589 (7th Cir. 1998), the inmate plaintiff was to be transferred from one prison to another, which was closer to the court that was going to hear his motion to withdraw his guilty plea. The property clerk told plaintiff he could not take his legal documents, which included "photocopies of cases Nance wanted to have handy when arguing in support of his motion. . . ." Id. at 590. The warden assured plaintiff that his legal materials would follow him. They did not and plaintiff eventually filed suit. The court observed:

> If the injury in question is losing the underlying case, then *Heck* . . . comes into play. . . . Nance pleaded guilty; his motion to withdraw the plea was denied; and although the prison's unconstitutional hindrance of his efforts to withdraw the plea (if that is what occurred) would be a good ground for a new hearing on the motion to set aside the plea, it would not establish that Nance is entitled to damages for wrongful incarceration–not unless he went to trial and was acquitted, or the invalidity of his incarceration was established in some other fashion. The holding of *Lewis* that a claim based on deprivation of access to the courts requires proof of concrete injury, combined with the holding of *Heck*, means that a prisoner in Nance's position must have the judgment annulled before damages are available for wrongful imprisonment.

Id. at 591.

A slightly different situation gave rise to the decision in Hoard v. Reddy, 175 F.3d 531 (7th Cir. 1999). In that case, plaintiff sought damages from various county officials, alleging they hindered his ability to litigate a state habeas action. Id. at 532. The Court of Appeals

/////

/////

5

1 upheld the district court's dismissal of the action and ruminated about the intersection of Heck

2 and Lewis:

> To get damages you must prove you lost something of monetizable value; but this is not required for an injunction–indeed, the inadequacy of one's damages remedy is normally a prerequisite to injunctive relief.  If a prisoner whose access to the courts is being blocked in violation of the Constitution cannot prove that, had it not been for the blockage, he would have won his case or at least settled it for more than $0 (the point emphasized in *Lewis*), he cannot get damages but he can get an injunction.  In a case such as *Heck*, where the prisoner is complaining about being hindered in his efforts to get his conviction set aside, the hindrance is of no consequence if the conviction was valid, and so he cannot get damages until the conviction is invalidated.  But suppose that he is complaining instead about being hindered in his efforts to rectify illegal prison conditions.  Since it is well known . . . that colorable claims have a settlement value, the prisoner may be able to show that had he not been hindered in prosecuting his claim he might have gotten some money for it, even if it wasn't a sure winner.  He has to show that the claim was colorable and so had some value in the litigation market but he does not have to establish the validity (as distinct from the colorableness) of the claim as a precondition to obtaining damages.  In the setting of *Heck*, there is nothing corresponding to a colorable claim; either the conviction was invalid, in which case the defendant suffered a legally cognizable harm, or it is not and he did not.

16 Id. at 533-34; but see Lueck v. Wathen, 262 F.Supp.2d 690 (N.D. Tex 2003) (not resolving Heck

17 question when officials seized documents that prevented plaintiff from filing a habeas petition).

18          Based on these three cases and on the fact that plaintiff has not alleged that his

19 underlying conviction has been vacated, the court finds this action is barred.  If this court were to

20 find that plaintiff was hampered in the assertion of his Faretta[1] right to self-representation, that

21 finding would necessarily imply the invalidity of the underlying conviction.   This action should

22 be dismissed without leave to amend.

23 /////

24 /////

---

[1] Faretta v. California, 422 U.S. 806 (1975).

1       In accordance with the above, IT IS HEREBY ORDERED that:

2       1. Plaintiff's request for leave to proceed in forma pauperis is granted.

3       2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $1.08 in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

      3. Plaintiff's complaint is dismissed without leave to amend.

      4. The Clerk of the Court is directed to enter judgment.

DATED: July 23, 2009.

_____
U.S. MAGISTRATE JUDGE

2

cole364.56